UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MOLLY H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 23-cv-10940 <br><br> Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
(ECF NO. 18)**

## I.  Introduction

Eddy Pierre, counsel for Plaintiff Molly H., seeks an award of $6,780.01 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).  ECF No. 18.  The requested amount represents 25.93 hours of attorney work and 5.97 hours of paralegal work on plaintiff's behalf at an attorney hourly rate of $238.45 and a paralegal hourly rate of $100.00.  The Commissioner of Social Security does not oppose the motion.  ECF No. 19.  After reviewing the record, the Court **GRANTS** the motion for attorney's fees.[1]

---

[1] The parties have consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c).  ECF No. 8.

II. Analysis

A.

Under the EAJA, a "prevailing party" in a civil action "brought by or against the United States" is entitled to reasonable attorney's fees and costs incurred in that action unless "the position of the United States was substantially justified or special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A) (cleaned up); *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014). The Court has broad discretion in determining whether to award fees under the EAJA. *Fisher v. Comm'r of Soc. Sec.*, No. 14-cv-13881, 2015 WL 4944385, at *1 (E.D. Mich. Aug. 19, 2015). But the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications, especially when a party requests an increased hourly rate based on inflation. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

B.

A claimant is entitled to attorney's fees under the EAJA if (1) he is a prevailing party, (2) the Commissioner's opposing position was without substantial justification, and (3) there are no special circumstances that warrant denial of fees. *DeLong*, 748 F.3d at 725. "The application must also be filed within thirty days of a court's final judgment. Only reasonable

attorney fees will be permitted." *Cantu v. Comm'r of Soc. Sec.*, No. 18-11409, 2019 WL 2314863, at *1 (E.D. Mich. May 31, 2019) (cleaned up). This application meets all these requirements.

The Court remanded the case for further agency action under sentence four of 42 U.S.C. § 405(g).  ECF No. 16.  Plaintiff is thus a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).

And the government's position was not substantially justified.  A position is substantially justified if it could satisfy a reasonable person that it was reasonable under both law and fact.  *Cantu*, 2019 WL 2314863, at *1 (citing *Pierce v. Underwood*, 487 U.S. 552, 553 (1988)).  "'[T]he relevant inquiry concerning the government's position was whether it was reasonable for the Commissioner to defend the ALJ's decision to deny benefits.'" *Id.* (quoting *Ratliff v. Comm'r of Soc. Sec.*, 465 F. App'x 459, 460 (6th Cir. 2012)).  The Commissioner carries the burden of showing that its position was substantially justified.  *Delong*, 748 F.3d at 725-26.  Because the Commissioner does not oppose the application for fees, it has not met this burden.  *See Cantu*, 2019 WL 2314863, at *1 (collecting cases holding that substantial justification does not exist when the government does not oppose an application for fees).  And the Court's decision to

3

remand evinces the government's lack of substantial justification in defending the ALJ's decision to deny benefits.

Finally, the application was timely filed, and the Commissioner has advanced no special circumstance warranting denial.[2]

## C.

The amount of the fees requested is reasonable. In contemplating what constitutes "reasonable attorney fees," the EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (cleaned up). A plaintiff requesting an increased hourly rate bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of

---

[2] Plaintiff filed the motion within thirty days of the judgment becoming final when the sixty-day period of appeal lapsed. *See Cantu*, 2019 WL 2314863, at *4; *see also Hoa Hong Van v. Barnhart*, 483 F.3d 600, 608 (9th Cir. 2007) ("A successful disability applicant may file for attorneys' fees 30 days after the 60-day appeal period provided for in [Federal Rule of Appellate Procedure] 4(a) has run, regardless of the specific form of the court's judgment, or the particular nature of the government's non-opposition to or acquiescence in an award of benefits.").

reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (cleaned up).

Plaintiff claims that the $125 per hour authorized under the EAJA in 1996 is equivalent to $238.45 when adjusted for inflation. ECF No. 18-1, PageID.1258. The Consumer Price Index (CPI) confirms this.[3] These fees are commensurate with the rates awarded by other courts in this district. *Paul R. v. Comm'r of Soc. Sec.*, No. 23-12344, 2024 WL 4682687, at *2 (E.D. Mich. Nov. 5, 2024) (finding an hourly rate of $250 reasonable); *Szostek v. Berryhill*, No. 14-11531, 2017 WL 6943420, at *2 (E.D. Mich. Nov. 22, 2017) (same).

Although an increased cost of living reflected in the CPI is alone insufficient evidence for an increased hourly rate, attorney affidavits and qualifications provide other support that can satisfy the applicant's burden. *Cantu*, 2019 WL 2314863, at *4; *see also Elms v. Comm'r of Soc. Sec.*, No. 16-10180, 2019 WL 1532372, at *3 (E.D. Mich. Apr. 9, 2019). Here, in addition to the CPI, Pierre supplies an affidavit outlining his work on the case, his rate, and his professional experience and an itemization of the hours he spent working on the case. ECF No. 18-1; ECF No. 18-2.

---

[3] *See* https://www.bls.gov/data/inflation_calculator.htm.

The 25.93 hours of attorney time and 5.97 hours of paralegal time claimed are also in line with cases awarding EAJA fees. *See Jeter v. Comm'r of Soc. Sec.*, No. 1:18-cv-465, 2019 WL 1060968, at *2 (W.D. Mich. Feb. 5, 2019) ("a reasonable expenditure of time for the representation of a party" in a social security appeal is between 15 to 30 hours). Notably, the Commissioner agrees that the amount of fees requested is reasonable.

In sum, the Court finds that plaintiff is entitled to $6,780.01 in attorney's fees under the EAJA. In a retainer agreement, plaintiff assigned to Pierre all attorney's fees and costs awarded in connection with the action. ECF No. 18-3. Thus, the Commissioner may make payment of the attorney's fees directly to Pierre, subject to offset for any preexisting debt that plaintiff owes to the government. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010); *Cowart v. Comm'r of Soc. Sec.*, 795 F. Supp. 2d 667, 671 (E.D. Mich. 2011) ("[I]f there is an assignment of EAJA fees, and if there is no pre-existing debt to the Government, then fees should be paid directly to the attorney").

### III.  Conclusion

The Court thus **GRANTS** that the motion for attorney's fees, ECF No. 18.

                                        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
                                        United States Magistrate Judge

Dated: January 16, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 16, 2025.

                                        s/Davon Allen
                                        DAVON ALLEN
                                        Case Manager